

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Faires Wade
County Attorney
Rockwall County
Rockwall, Texas

Dear Sir:

Opinion No. O-3409

Re: May a county commissioner
legally draw a salary from
the county for serving as
assistant supervisor for
the courthouse construction?

This is to acknowledge receipt of your recent letter asking our opinion as to the legality of the commissioners' court employing one of their members to serve as an assistant supervisor to work with the contractor in building a new courthouse in your county. You state it is proposed to pay the commissioner in question an additional salary for such services as he may render in the capacity as such assistant supervisor.

Article 2340, Revised Civil Statutes, 1925, reads in part as follows:

"Before entering upon the duties of their office, the county judge and each commissioner shall take the official oath, and shall also take a written oath that he will not be directly or indirectly interested in any contract with, or claim against, the county in which he resides, except such warrants as may issue to him as fees of office, . . ."

From Article 373, Penal Code, 1925, we quote:

"If any officer of any county . . . shall become in any manner pecuniarily interested in any contracts made by such county, . . . through its

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

38

agents, or otherwise, for the construction or repair of any bridge, road, street, alley or house, or any other work undertaken by such county, . . . shall become interested in any bid or proposal for such work or in the purchase or sale of anything made for or on account of such county . . . or who shall contract for or receive any money or property, or the representative of either, or any emolument or advantage whatsoever in consideration of such bid, proposal, contract, purchase or sale, he shall be fined not less than fifty nor more than five hundred dollars."

In the case of Rigby v. State, 27 Tex. App. 55, 10 S. W. 760, Judge Willson of the Court of Appeals, in construing virtually the same code provision as present Article 373, wrote as follows:

". . . Manifestly, the legislature, in enacting the statute, intended thereby to protect counties, cities and towns from official peculation. Such peculation was the evil sought to be suppressed; and the statute strikes at the very root of the evil, by making it an offense for any officer of a county, city or town to become interested pecuniarily in matters wherein such corporations are pecuniarily interested. The purpose of such statute is to prevent official 'rings' from being formed and operated to prey upon the treasuries of counties, cities and towns; to prevent the officers of such corporations from using their official knowledge and influence to their individual pecuniary advantage in the financial transactions of such. The objects of the statute would be but partially attained if such officers are to be permitted to deal with their corporations in the sale and purchase of property. . . ."

In the Rigby case a county commissioner was convicted of selling a pair of mules to the county. It is our opinion that "the objects of the statute would be but partially attained" if a county commissioner could sell his personal services rather than his chattels. We can perceive no reason why a county commissioner should be permitted to sell his labor or professional service to his county, and yet be denied the privilege of selling goods, wares and merchandise.

In the case of Cornutt v. Clay County, (Tex. Civ. App., 1934) 76 S. W. (2d) 299, suit was brought by a former county

Hon. Faires Wade, page 3

commissioner against Clay County to recover $375 alleged to be due him for the use of a truck owned by him and used for the benefit of the county while he was a county commissioner of that county. Both the trial court and the Court of Civil Appeals denied recovery. We quote at length from the opinion of Justice Leslie:

"In one part of the petition the appellant alleges that the truck was used for the benefit of the county with the knowledge and acquiescence of the other members of the court. In a following paragraph he alleges that since the court agreed to the justice of the charge in so far as the value of the services is concerned, the claim thereby became 'an account stated.' It thus appears that the appellant was attempting to recover on either an implied or express contract. There could be no implied contract, for contracts are not implied in contravention of the law and public policy. For the same reason there was no express contract.

"In any event, how are such claims regarded in law when sought to be enforced in a court of justice? Before entering upon the duties of his office, it was necessary for the appellant to take upon himself an oath that he would not, directly or indirectly, be interested in any contract with, or claim against, the county in which he resides except such warrants as were issued to him as fees of office. Article 2340, R. S. 1925. The Penal Code makes some provision for an officer's violation of duty in this respect. Article 373 thereof provides: 'If any officer of any county . . . shall become in any manner pecuniarily interested in any contracts made by such county . . . through its agents, or otherwise, for the construction or repair of any bridge, road . . . or any other work undertaken by such county . . . or shall become interested in any bid or proposal for such work . . . or who shall contract for or receive any money or property . . . or any emolument or advantage whatsoever in consideration of such bid, proposal, contract, purchase or sale, he shall be fined not less than fifty nor more than five hundred dollars.'

"Article 371 of the Penal Code also provides that 'any officer of any county . . . who shall contract directly or indirectly, or become in any way

Hon. Faires Wade, page 4

interested in any contract for the purchase of
any draft or order on the treasurer of such
county . . . or any other debt, claim or demand,
. . . shall be fined not less than ten nor more
than twenty times the amount of the order. . .'

"From the foregoing, it is obvious that
the appellant's claim, as disclosed by his plead-
ing, is against the law and public policy. Any
claim on the part of such public official that
rests upon any character of contract between him-
self and the county which he has sworn to serve,
is obnoxious to sound public policy and ought
never to be enforced. No other basis of liability
was asserted by the plaintiff.

"Such claims, or purported contracts, are
void and unenforceable. Extended comment upon
the principles of law involved is unnecessary.
In addition to the authorities above cited which
warrant the judgment of the trial court, the
following additional authorities are cited:
Knippa v. Stewart Iron Works (Tex. Civ. App.)
66 S. W. 322; N. C. Read, Ex'r, v. Syd Smith,
60 Tex. 379; Rigby v. State, 27 Tex. App. 55,
10 S. W. 760; Folk, County Judge, v. Roebuck,
et al. (Tex. Civ. App.) 164 S. W. 513; Logan
County v. Edwards, 206 Ky. 53, 266 S. W. 917;
McLain et al. v. Miller County, 180 Ark. 828,
23 S. W. (2d) 264; State ex rel. Citizens of
Lawrenceburg v. Perkinson, 159 Tenn. 442, 19 S.
W. (2d) 254."

In a letter opinion to the county attorney of Young County
this Department held on July 15, 1937, that county commissioners
cannot be paid any extra compensation by the county for their
services except that provided by law for their services as
county commissioners, even though performing some of the duties
of a road superintendent.

In view of the above authorities, and the reasoning in
support of the cases discussed and cited, we agree with the
opinion rendered by you on April 15, 1941, and addressed to
your county judge, copy of which you furnished us. It is our

Hon. Faires Wade, page 5

opinion that the question should be answered in the negative and that a county commissioner may not legally draw additional compensation from the county for serving as assistant supervisor for courthouse construction.

Yours very truly

APPROVED MAY 14, 1941

ATTORNEY GENERAL OF TEXAS

By *Benjamin Woodall*

FIRST ASSISTANT
ATTORNEY GENERAL

Benjamin Woodall
Assistant

BW:N



APPROVED
OPINION
COMMITTEE
BY ___ CHAIRMAN